# EXHIBIT B

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA

CASE NO:

**PAULETTE N. MANN**,

    Plaintiff,

vs.

**TARGET CORPORATION,**
a Foreign Corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **PAULETTE MANN**, sues the Defendant, **TARGET CORPORATION**, a Foreign Corporation, and states as follow:

### GENERAL ALLEGATIONS

1. This cause involves damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs, and is otherwise within the jurisdictional limits of this Honorable Court.

2. At all times material, **PAULETTE N. MANN** was and is a resident of Miami Dade County, over the age of eighteen (18) years, and otherwise *sui juris*.

3. At all times material hereto, the Defendant, **TARGET CORPORATION,** a Foreign Corporation, (hereinafter referred to as **THE RETAILER**) was organized and existing under the laws of the State of Minnesota, but was authorized to, and was doing business in Miami Dade County, Florida.

4. **THE RETAILER** owned land in Florida, did business in Florida and committed a tort in Florida injuring a resident of Florida.

5. At all times hereinafter mentioned, and at the time of the incident complained of, Defendant, **THE RETAILER,** owned, operated, controlled, and/or maintained, the retail store located in the vicinity of 3401 N. Miami Ave., Miami, FL, also known as "Target" (hereinafter referred to as **THE STORE**) particularly the functioning

and condition of the shopping area, fixtures, inventory, shelving, displays, refrigeration, storage, the entrance ways, walking and shopping paths, exits, means of ingress and egress, and did employ agents, employees, officers, staff, administrators, representatives, servants, and maintenance personnel in connection with this control and maintenance effort.

6. Defendant, **THE RETAILER,** exercised jurisdiction and control over the procedures which said agents, employees, officers, staff, administrators, representatives, servants, and maintenance personnel performed, and Defendant, **THE RETAILER,** determined the qualifications or lack of qualifications of said agents, employees, officers, staff, administrators, representatives, servants, and maintenance personnel as the same related to those procedures and duties which were designated by Defendant, **THE RETAILER,** for the agents, employees, officers, staff, administrators, representatives, servants and maintenance personnel.

7. Each of the conditions precedent to this action has occurred or been waived.

## COUNT I
## NEGLIGENCE OF THE RETAILER

Plaintiff adopts and re-alleges all paragraphs above, as if stated fully here.

8. At all times hereinafter mentioned and at the time of the incident complained of, Defendant, **THE RETAILER,** owned, operated, and controlled, **THE STORE** at the aforesaid address, and the common elements, including most particularly the shopping area, fixtures, inventory, shelving, displays, refrigeration, storage, the entrance ways, walking and shopping paths, exits, means of ingress and egress, and held same out for the use by the business invitees/patrons, and guests, including the Plaintiff herein, **PAULETTE N. MANN.**

9. On or about December 29, 2022, Plaintiff, **PAULETTE N. MANN**, was a guest, and/or, business invitee lawfully upon premises of **THE STORE**. While walking in the shopping area, she fell and was traumatically injured by an unreasonably dangerous, defective, and/or improperly maintained, surface. This trauma was due to the carelessness and negligence of the Defendant, **THE RETAILER,** and/or their agents or employees thereby inflicting serious and grievous injuries on Plaintiff, **PAULETTE N. MANN**, as more particularly described hereafter.

10. At all times material hereto, and at the time of the incident complained of, Defendant, **THE RETAILER,** owed a duty to all foreseeable parties, including business invitees/patrons, residents, business invites, and guests of the aforesaid property who commonly used the shopping area, fixtures, inventory, shelving, displays, refrigeration, storage, the entrance ways, walking and shopping paths, exits, means of ingress and egress, including a duty to the Plaintiff, **PAULETTE N. MANN**, to maintain the subject property in a reasonably safe manner and in a safe condition, and to take reasonable precautions for the general health and safety of the Plaintiff, **PAULETTE N. MANN**, in order to prevent the foreseeable injuries which this Plaintiff sustained as a result of the Defendant, **THE RETAILER's**, decision to create the hazard and/or allow the subject premises to be maintained in a dangerous and/or defective condition as aforesaid.

11. At all times hereinafter mentioned, and at the time of the incident complained of, Defendant, **THE RETAILER**, breached the afore said described duty owed to the Plaintiff, **PAULETTE N. MANN**, by committing one or more of the following negligent acts of commission and/or omission:

   a) Defendant negligently and carelessly maintained the subject area in a dangerous and defective condition causing numerous members of the public, including and more particularly the Plaintiff herein, to be exposed to the dangerous defective area, which caused Plaintiff, **PAULETTE N. MANN**, serious bodily injuries;

b)  Defendant negligently and carelessly failed to exercise due and reasonable care to monitor and inspect the subject defective and improperly maintained its premises, when Defendant knew or in the exercise of reasonable care should have known that the subject defective and improperly maintained area, and/or common area presented an unreasonable risk of harm to members of the public, business invitees/patrons, visitors, employees and/or business invitee and anyone using the subject area of the Defendant's property including the Plaintiff, **PAULETTE N. MANN**;

c)  Defendant negligently and carelessly failed to place cones, warning signs, or any other warning devices to secure the subject area so that it would not be encountered by members of the public, visitors, employees and/or business invitee such as the Plaintiff, **PAULETTE N. MANN**, thus preventing Plaintiff from being injured by the aforementioned dangerous and defective condition on the subject common area;

d)  Defendant knew or in the exercise of reasonable care should have known of the above-described dangerous condition of the subject common area and in the alternative such dangerous and defective condition had existed for a length of time for which reasonable warning signs would have disclosed same;

e)  Defendant negligently exposed Plaintiff, **PAULETTE N. MANN**, to a foreseeable and unreasonable risk of harm and bodily injury;

f)  Defendant negligently failed to become adequately apprised of the extent of the dangerous condition of the common area and to take reasonable preventative action;

g)  Defendant negligently failed to review any existing inspection measures to insure that said measures were being performed;

h)  Defendant negligently failed to improve any existing maintenance measures said Defendant knew or through the exercise of reasonable care should have known were inadequate, ineffective and inefficiently performed or executed;

i)  <u>Defendant created the danger</u>, leaving the area as a foreseeable and unreasonable risk of harm and bodily injury

j) The Defendant created and/or allowed the condition in violation of the South Florida Building Code Sections, and or the Life Safety Code;

k) Defendant was otherwise negligent in the inspection and/or maintenance of the subject common area.

16. As a direct, proximate, and reasonable result of Defendant, **THE RETAILER**'s negligence, Plaintiff, **PAULETTE N. MANN**, was caused severe and permanent bodily injury and resulting pain and suffering, aggravation of pre-existing conditions, disability, disfigurement, mental anguish, loss of capacity of enjoyment of life, extensive hospitalization, medical care and treatment, and costs associated therewith, as well a loss of earnings and earnings capacity. These losses are either permanent or continuing in nature and Plaintiff, **PAULETTE N. MANN**, will suffer these losses in the future.

## AD DANNUM

**WHEREFORE,** the Plaintiff, **PAULETTE N. MANN**, demands judgment against, the Defendant, **TARGET CORPORATION,** for the following relief:

a. Lost wages and or wage-earning capacity in the past and future;

b. The reasonable value or expense of hospitalization and medical care and treatment necessarily or reasonably obtained by **PAULETTE N. MANN** in the past or to be so obtained in the future;

c. The reasonable value of any bodily injury sustained by **PAULETTE N. MANN** and any resulting pain and suffering, disability or physical impairment, disfigurement or mental anguish, inconvenience, loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future.

d. The reasonable value of any aggravation of an existing disease or physical defect by **PAULETTE N. MANN** resulting from such injury; and

e.   Taxable costs.

## DEMAND FOR JURY TRIAL

Further, Plaintiff, **PAULETTE N. MANN** hereby demands a trial by jury of all issues so triable as of right by a jury.

## DESIGNATION OF EMAILING ADDRESSES

Pursuant to the Supreme Court decision SC 10-2101 regarding E-Mail Service Rule and hereby designed the following e-mail address for the purpose of receiving pleadings.

PRIMARY:      Dkleinberg@nkplaw.com
SECONDARY:    Sara@nkplaw.com

Dated this 14th day of December, 2023.

Respectfully submitted,
**NEUFELD, KLEINBERG & PINKIERT, P.A.**
2641 N.E. 207th Street
Aventura, Florida 33180
Telephone No: (305) 931-6666
Fax No: (305) 931-7848

BY: _____
DAVID KLEINBERG
Florida Bar No: 765260
Primary: Dkleinberg@nkplaw.com
Secondary: Sara@nkplaw.com